IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, Plaintiff, v. DELL TECHNOLOGIES INC. and DELL INC., Defendants. | § § § § § § § § § | No. 1:22-CV-861-RP |

**ORDER**

Before the court is Defendants' Opposed Motion to Stay the Case Pending *Inter Partes* Review of the Asserted Patent (Dkt. #61) and all related briefing.[1] Having considered the parties' written submissions and determining that a hearing is unnecessary, the undersigned **DENIES** the motion.

**I.   BACKGROUND**

XR alleges Dell infringes claims 1, 2, 4, 8, 9, 11, 12, 15, and 16 of its '235 patent. *Inter partes* review has been instituted as to claims 8-14. The United States Patent and Trial Appeal Board ("PTAB") will issue a final determination of those claims no later than July 14, 2023. Although IPR was sought as to the remaining claims, the PTAB declined to institute IPR on January 5, 2023, after briefing was completed on this motion. Dell's motion was based on the possibility that all asserted claims could be subject to IPR. That is no longer the case.

**II.   APPLICABLE LAW**

The court's inherent power to manage its docket includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27

---

[1] United States District Judge Robert Pitman referred this motion for disposition to the undersigned to 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order of December 1, 2022.

1

(Fed. Cir. 1988); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). District courts generally consider three factors when determining whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (citing *Crossroads Sys. v. DOT Hill Sys. Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015)); *see also Murata Mach. USA*, 830 F.3d at 1362 ("Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test."). The party seeking a stay bears the burden of showing that a stay is appropriate. *Advanced Electrolyte Techs. LLC v. Samsung SDI Co.*, No. A:17-CV-0030-LY, 2018 WL 11346890, at *1 (W.D. Tex. Sept. 24, 2018) (citing *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CV-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015)).

### III.   ANALYSIS

Dell's arguments, which were based on the premise that the PTAB could institute IPR for all asserted claims, have been substantially weakened since the PTAB's decision denying IPR as to more than half of the asserted claims. Regardless of the active IPR's outcome, XR will still have live claims to assert against Dell.

Infringement and invalidity contentions have been exchanged, and fact discovery has begun. The parties recently agreed to the appointment of a special master to conduct the *Markman* hearing, and, if the court denies Dell's motion to stay, agreed to conduct the hearing on January 25, 2023. Dkt. #66. The parties also submitted competing case schedules. *Id*. Dell's proposed

schedule is slightly slower than XR's, but under both proposals dispositive motions would not be filed until after the final IPR decision. This factor is neutral.

Dell argues that a stay would greatly simplify the issues, but as the IPR decision will come well before trial, Dell has failed to show that a stay is necessary. In the court's experience, discovery relevant to the claims in IPR and not in IPR will greatly overlap. Dell has not described how going forward at this time would be particularly burdensome given that most—if not all—of the discovery will be necessary regardless of the IPR's outcome. If any claims are invalidated in the IPR, those claims can easily be removed from the case. Many of Dell's simplification arguments relate to the multiple litigations concerning the '235 patent, but the court is not going to require a plaintiff to litigate a patent one case at a time. This factor strongly weighs against a stay.

Finally, Dell argues XR cannot be prejudiced by a stay because XR is a patent holding company and any prejudice can be compensated by damages. However, "a stay risks the loss of testimonial and documentary evidence potentially valuable to Plaintiff's case." *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021) (citing *Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010)). Additionally, "[a] patent holder has an interest in the timely enforcement of its patent right," even when the patent holder has only sought monetary relief. *Id.* (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)). Yet, the weight of a plaintiff's interest in timely enforcement is diminished where a stay would merely delay the plaintiff's potential monetary recovery. *Id.* (citing *Crossroads Systems, Inc. v. Dot Hill Sys. Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015)). Accordingly, given that the stay would only be six months, this factor is mostly neutral.

## IV.  CONCLUSION

Primarily because the posture of the potential IPR proceedings has changed since Dell filed its motion, Dell has not carried its burden to show that a stay is appropriate. Given that only one patent is asserted, more than half of the asserted claims are not subject to IPR, and the IPR decision will come well before dispositive motions, Dell has not shown that a stay is justified. Accordingly, the court **DENIES** the motion.

SIGNED January 17, 2023.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE