IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| XR COMMUNICATIONS, LLC, *d/b/a* VIVATO TECHNOLOGIES, | § § § § | |
| Plaintiff, | § § | |
| v. | § | 1:22-CV-861-RP |
| DELL TECHNOLOGIES INC. and DELL INC., | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the parties' Joint Stipulation Regarding Special Master and Notice Regarding Proposed Case Schedule. (Dkt. 66). In the Joint Stipulation, the parties request and stipulate to the appointment of David Keyzer as special master for the purpose of claim construction, request a claim construction hearing date of January 25, 2023, and present competing proposed scheduling orders. The Court addresses each issue in turn.

First, the parties jointly request that the Court appoint Mr. Keyzer as special master and "whose duties shall include conducting a claim construction hearing, issuance of a report and recommendation on claim construction, and advising the Court on any other technical matters as the Court deems appropriate." (*Id.* at 1). The parties agree to split the cost per side. (*Id.*). They also state that Mr. Keyzer is available to serve as Special Master in this case. (*Id.*).

Mr. Keyzer's contact information is as follows:

David Keyzer
Law Office of David Keyzer, P.C.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
(916) 243-5259
david@keyzerlaw.com

1

Having reviewed the Joint Stipulation and Mr. Keyzer's background and experience, **IT IS ORDERED** that the Court appoints Mr. Keyzer as Special Master in this action to conduct a claim construction hearing, issue a report and recommendation on claim construction, and advise the Court on any other technical matters as the Court deems appropriate. *See* Fed. R. Civ. P. 53. The Court specifically finds it cannot effectively and timely conduct the claim construction process and that the imposition of the special master's reasonable fees and expenses is fair given that the parties requested that Mr. Keyzer be appointed and have agreed to share the costs.

**IT IS FURTHER ORDERED** that the special master shall proceed with all reasonable diligence to manage the claim construction process in this case, including setting and/or resetting a claim construction hearing date and requesting briefing or other materials from the parties before or after the hearing. The special master may act independently and need not seek prior approval of the Court before taking any action to reach a recommendation on claim construction.

**IT IS FURTHER ORDERED** that the special master may set reasonable parameters for the parties and may issue directives and orders, as appropriate and if necessary, to facilitate reaching a recommendation. Because of the importance of expeditiously completing claim construction in this case, the special master may instruct and direct the parties without rendering a formal order. The special master shall have all other authority authorized by law. *See* Fed. R. Civ. P. 53(c).

**IT IS FURTHER ORDERED** that the special master may communicate ex parte with any party when and if, in the opinion of the special master, it is impractical to communicate with all parties at the same time. After any ex parte communication with a party, the special master shall, as soon as practicable, advise all other parties of the substance of and the party to the ex parte communication. The special master may communicate with the court ex parte when the court and the special master agree that a communication between them should be ex parte. *See* Fed. R. Civ. P. 53(b)(2)(B).

**IT IS FURTHER ORDERED** that the special master shall from time to time make reports, informal or formal, to the court as the special master deems necessary or as the court may request. *See* Fed. R. Civ. P. 53(e).

**IT IS FURTHER ORDERED** that the special master's compensation, as well as any reasonable costs and expenses of the special master, shall be shared equally between the two sides. The special master shall be compensated at a rate of $500/hour. The special master may utilize the services of a paralegal or assistant without further order of the court. The special master may bill for such services at a reasonable rate to be approved by the Court.

**IT IS FURTHER ORDERED** that the special master shall file a timely report and recommendation regarding claim construction.

This appointment is subject to Mr. Keyzer filing a signed affidavit as required by law. *See* Fed. R. Civ. P. 53(b)(3)(A). **IT IS ORDERED** that Mr. Keyzer file his signed affidavit **on or before January 23, 2023**.

In the Joint Stipulation, the parties request a claim construction hearing date of January 25, 2023, a date that they represent Mr. Keyzer is available to conduct the hearing. (Dkt. 66, at 2). **IT IS ORDERED** that the claim construction hearing in this case shall take place on **January 25, 2023** before Mr. Keyzer.

As for the parties' competing proposed schedules, the Court subsequently denied the motion to stay which provides the parties with more clarity. Accordingly, the Court **ORDERS** the parties to meaningfully meet and confer. The Court encourages the parties to reach agreements and develop an agreed proposed scheduling order. The Court will set a trial date based on the proposed dispositive motions deadline and the Court's trial calendar. **IT IS FINALLY ORDERED** that the parties shall file their agreed proposed scheduling order on or before **February 8, 2023**.

**SIGNED** on January 20, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE